01 MAY 18 AM 8:31

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ENTERED
MAY 18 2001

| | |
|---|---|
| BETSY JAMES GARDNER, *et al.*, | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. |
| | CV-00-AR-3181-S |
| SECURITY ENGINEERS, INC., *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

In this civil action, brought pursuant to 42 U.S.C. §§ 2000e, *et seq.*, plaintiffs Christine Whiteside ("Whiteside"), Betsy James Gardner ("Gardner"), and Esther Brown ("Brown") claim that they suffered, among other things, sexual harassment and sex discrimination while employed by defendant, Security Engineers, Inc. ("Security Engineers"). Plaintiffs also bring state law claims against defendant, Donnell Hill ("Hill"), an employee of Security Engineers. This matter is now before the court on defendants' motion for summary judgment as to all claims asserted by Whiteside. Defendants say that Whiteside's claims are barred by the doctrine of judicial estoppel. For the reasons set forth in the opinion below, defendants' motion will be granted, and the claims asserted by Whiteside will be dismissed.

**Pertinent and Undisputed Facts**

In July 1996, Whiteside, and her then husband, John Whiteside,



filed a joint Chapter 13 Bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Alabama.

In June 1999, Security Engineers hired Whiteside as a security guard.

In September 1999, as a result of her divorce from her husband, Whiteside severed her joint bankruptcy petition, and filed an amended voluntary Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Alabama.

In January 2000, while in the employ of Security Engineers, Whiteside, according to her, was sexually assaulted by Hill. On March 29, 2000, Whiteside filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Security Engineers alleging sexual harassment. On August 11, 2000, the EEOC issued Whiteside a "right to sue" letter, and on November 8, 2000, she filed her complaint in this action asserting, among other things, sexual harassment and sex discrimination claims against Security Engineers, and pendent state law claims against Hill.

On March 12, 2001, Whiteside was discharged from bankruptcy. On March 14, 2001, while testifying under oath, Whiteside said that she never disclosed to the bankruptcy court her claims against Security Engineers or Hill:

> Q: Did you ever amend your bankruptcy petition to provide the bankruptcy court with notice that you had a potential

discrimination or harassment claim?

A: No.

Q: All right [sic]. Do you know if [your lawyer] ever did that on your behalf?

A: No.

Q: Were you aware that while you were in bankruptcy, that anytime you had a potential claim which could give rise to you having money [sic], that you were supposed to report that to the bankruptcy court?

A: No.

* * *

Q: Is there any reason why you did not include your potential claims against [defendants] on your bankruptcy schedules?

* * *

A: I didn't know I had to provide it to [the bankruptcy court].

Whiteside Depo. at 39-40.

On April 24, 2001, defendants filed the current motion for summary judgment as to all claims asserted by Whiteside, arguing that the doctrine of judicial estoppel prevents Whiteside from asserting claims that she failed to disclose as assets in her bankruptcy proceedings.

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides

that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a **genuine** issue of **material** fact, not merely some factual dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510 (1986). What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511 (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S. Ct. 1575 (1968)).

Defendants' motion for summary judgment should be denied "if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions." Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997)(quoting Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989)). If, however, as a matter of law, a jury could not return a verdict for plaintiff, defendants' motion must be granted.

**Discussion**

Judicial estoppel, which is intended to protect the integrity of the judicial system, precludes a party from assuming a position in a legal proceeding inconsistent with one previously asserted when inconsistency would allow the party to "play fast and loose with courts." Ryan Operations, G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 360 (3d. Cir. 1996). The applicability of judicial estoppel requires a court to determine that (1) the positions asserted in the current and prior legal proceedings are in fact inconsistent, and (2) the inconsistency would allow a party to benefit from the deliberate manipulation of the courts.

Whiteside claims that "[s]ince she was unaware of a duty to disclose any potential claims to the Bankruptcy Court, she did not do so." Pla.'s Respon. at 1. According to Whiteside, the reason for the nondisclosure of her EEOC claim is due to her lack of "life experiences and work experiences that would allow her to fully understand the legal terms and language of the bankruptcy proceedings and rules." Pla.'s Respon. at 7. Whiteside also contends that her failure to amend her bankruptcy petition did not benefit her and was not a deliberate manipulation of the court. While Whiteside admits that "she made a mistake" by not disclosing the EEOC claim, "it was not a knowing misrepresentation." Pla.'s Respon. at 11.

Less than two-and-a-half years ago, this court presided over a dispute concerning remarkably similar facts and legal arguments to those in the instant case. The court need look no further than its own case, Chandler v. Samford University, 35 F. Supp. 2d 861 (N.D. Ala. 1999), to find its answer for this case.

In Chandler, the plaintiff, an African-American woman, claimed that the employer-defendant had discriminated against her because of her race. Chandler, 35 F. Supp. 2d at 862. Chandler filed a charge of discrimination with the EEOC. Id. During a deposition, Chandler revealed that prior to filing charges with the EEOC, she had filed a Chapter 13 bankruptcy petition, which was subsequently converted to a Chapter 7. Id. at 862. Chandler failed to inform the bankruptcy court of her pending EEOC matter or her potential claim against the defendant prior to her receiving a discharge from the bankruptcy court. Id. at 862-63. Upon learning of Chandler's bankruptcies, her employer, Samford University, filed a motion for summary judgment arguing that the doctrine of judicial estoppel prevented Chandler from asserting claims that she failed to disclose as assets in her bankruptcy proceedings. Id. In granting Samford University's motion, the court concluded that the doctrine of judicial estoppel acted as:

> a bar to a debtor's assertion of a claim not identified as an asset in an earlier bankruptcy proceeding . . . [and accepted] the

> two-pronged analysis requiring a demonstration that the assertion of the claim is inconsistent with the earlier non-disclosure and that the assertion of inconsistent positions is an attempt to deliberately manipulate the judicial system.

Id. at 864. A number of courts have found persuasive this court's analysis in Chandler. See Jinright v. Paulk, 758 So.2d 553, 555 (Ala. 2000); Battle v. Alpha Chemical and Paper Co., 770 So.2d 626, 629 (Ala. Civ. App. 2000); Jones v. Lanthrip, 765 So.2d 682, 683 (Ala. Civ. App. 2000); In re Coastal Plains, Inc., 179 F.3d 197, 209 (5th Cir. 1999); Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1376 (S.D. Ga. 2000); In re Griner, 240 B.R. 432, 438 (Bankr. S.D. Ala. 1999); Ex parte Moore, 2000 WL 432433, *3 (Ala. Apr 21, 2000); Nollie v. Jim Wilson & Associates, Inc., 2000 WL 283889, *4 (Ala. Civ. App. Mar 17, 2000); Wolfork v. Tackett, 526 S.E.2d 436, 438 (Ga. App. 1999).

Turning to the facts of the instant case, the court finds that despite her possible ignorance, Whiteside had an affirmative duty to disclose her claim against defendants. At the time Whiteside filed her EEOC charge, her bankruptcy case was proceeding as a Chapter 13 petition. Pursuant to 11 U.S.C. § 541(a)(7), a Chapter 13 debtor has a duty to disclose all interests in property the estate acquires after the commencement of the estate. Despite this affirmative duty, Whiteside did not amend her schedule to reflect

her assets.

Whiteside, like the plaintiff in Chandler, attempts to rebut the evidence indicating that she created an inconsistent position and that she did so intentionally to manipulate the court by claiming that she would have disclosed her claim against defendants as an asset if her attorney would have informed her that such disclosure was necessary. Nonetheless, as this court stated in Chandler:

> Even if this "explanation" is true, it is irrelevant. Research reveals no case in which a court accepted such an excuse for a party's failure to comply with the requirement of full disclosure. Moreover, because Chandler did not disclose her pending EEOC charge despite the schedule's specific instruction that she identify any pending administrative proceedings, it is difficult to credit her claim of ignorance.

Chandler, 35 F. Supp. 2d at 865. Whiteside's creditors were just as entitled as Whiteside, if not more so, to any recovery she might have been entitled to against Security Engineers and Hill had she not kissed any such recovery "Goodbye." The court finds the Chandler analysis equally applicable to Whiteside's case. Even though Whiteside contends that she had no motive to conceal her assets and therefore no intent to mislead the court, ignorance of the law does not excuse her uncontroverted actions.

**Conclusion**

A separate and appropriate order in conformity with the foregoing opinion will be entered.

DONE this 17th day of May, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE